# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
ASSOCIATED INDUSTRIES INSURANCE
COMPANY, INC.,
                                Plaintiff,

- against -

SENTINEL INSURANCE COMPANY, LTD.,

                                Defendant.
-------------------------------------------------------------x

Index No.:

**SUMMONS**

To the Defendant(s):

    YOU ARE HEREBY SUMMONED in a civil action in the Supreme Court of the State of New York, instituted by the above-named Plaintiff, and required to serve upon the attorney for plaintiff, whose name and address appears below, an answer to the attached complaint within 20 days after service of the Summons and Complaint upon you, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York). If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint.

Place of Trial:    New York County
Basis of Venue:   Plaintiff's principal place of business in New York, 59 Maiden Lane, New York, New York

Dated:  New York, New York
          October 23, 2023

                                            GUNNERCOOKE US LLP

                                            _____
                                            Max W. Gershweir, Esq.
                                            Attorneys for Plaintiff
                                            1 Rockefeller Plaza – 10th Floor
                                            New York, New York 10020
                                            646.440.8375

TO:    Sentinel Insurance Company, Ltd.
         c/o New York Department of Financial Services

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

ASSOCIATED INDUSTRIES INSURANCE
COMPANY, INC.,

                      Plaintiff,

    - against -

SENTINEL INSURANCE COMPANY, LTD.,

                      Defendant.

------------------------------------------------------------x

Index No.:

**COMPLAINT**

Plaintiff Associated Industries Insurance Company, Inc. ("Associated"), by its attorneys, Gunnercooke US LLP, as and for its complaint against defendant Sentinel Insurance Company, Ltd. ("Sentinel"), respectfully alleges, upon information and belief:

1. Associated is a foreign corporation authorized to issue certain policies of insurance in the State of New York.

2. Sentinel is a foreign corporation authorized to issue certain policies of insurance in the State of New York.

3. At all times relevant herein, Central Area Equities Associates LLC ("Central") owned the premises located at 861 Broadway, New York, New York ("the Premises").

4. At all times relevant herein, Central leased certain space in the Premises ("the Leased Premises") to Venchi 2, LLC ("Venchi").

5. Eduardo Molina ("Molina") sued Central and Venchi in an action captioned *Eduardo Molina v. Venchi 2, LLC, et al.*, in the Supreme Court of the State of New York, County of Kings, under Index No. 505745/2019 ("the Underlying Action").

6. In the Underlying Action, Molina seeks damages for injuries he allegedly sustained on September 20, 2018, while performing construction work on Venchi's behalf at the Leased Premises, due to Central and Venchi's alleged negligence and Labor Law violations.

7. Sentinel issued an insurance policy numbered 10 SBA IS0555, effective October 13, 2017, to October 13, 2018, providing Venchi, as lessee of the Leased Premises, with commercial general liability coverage subject to the policy's terms and conditions ("the Sentinel Policy").

8. The Sentinel Policy also covers as an additional insured "[a]ny person or organization from whom you [Venchi] lease land or premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to you [Venchi]."

9. Associated issued an insurance policy bearing policy number AES1052234 00, effective April 16, 2018, to April 16, 2019, providing commercial general liability coverage to Central, as the Premises owner, subject to the policy's terms and conditions ("the Associated Policy").

10. Associated, through its agents, has demanded that Sentinel defend and indemnify Central in the Underlying Action on a sole primary basis as an additional insured under the Sentinel Policy.

11. Sentinel has refused to defend or indemnify Central on a sole primary basis in the Underlying Action.

12. Associated has defended Central to date in the Underlying Action due to Sentinel's refusal to do so on a sole primary basis.

2

## As and for a First Cause of Action

13. Associated repeats all previous allegations made herein.

14. Central and/or Associated have complied with all conditions precedent to coverage for Central under the Sentinel Policy.

15. The Underlying Action complaint's allegations raise the possibility that Central's liability, if any, will arise out of the ownership, maintenance, or use of the Leased Premises.

16. Associated is thus entitled to a judgment declaring that Sentinel has a duty to defend Central in the Underlying Action as an additional insured under the Sentinel Policy.

## As and for a Second Cause of Action

17. Associated repeats all previous allegations made herein.

18. Any liability Central may incur in the Underlying Action will necessarily arise out of the ownership, maintenance, or use of the Leased Premises.

19. Associated is thus entitled to a judgment declaring that Sentinel has a duty to indemnify Central in the Underlying Action as an additional insured under the Sentinel Policy.

## As and for a Third Cause of Action

20. Associated repeats all previous allegations made herein.

21. The coverage provided to Central under the Associated Policy is excess to the coverage provided it under the Sentinel Policy as respects the Underlying Action based on the policies' respective "other insurance" clauses.

NYSCEF DOC. NO. 1

INDEX NO. 655215/2023
RECEIVED NYSCEF: 10/23/2023

Case 1:23-cv-10480-JMF   Document 1-1   Filed 11/29/23   Page 6 of 6

22. Associated is therefore entitled to a declaratory judgment to that effect and to recover from Sentinel, as Sentinel's implied indemnitee through their relative mutual obligations to Central, all amounts it has incurred and will incur defending and, if necessary, indemnifying Central in the Underlying Action.

**WHEREFORE**, Associated demands that the Court issue a judgment against Sentinel:

1. declaring that Sentinel has a duty to defend Central in the Underlying Action;

2. declaring that Sentinel has a duty to indemnify Central in the Underlying Action;

3. declaring that Central's coverage under the Associated Policy is excess to its coverage under the Sentinel Policy as respects the Underlying Action;

4. awarding Associated all amounts it has incurred and will incur defending and, if necessary, indemnifying Central in the Underlying Action, plus statutory interest; and

5. granting such other relief as the Court deems proper.

Dated:   New York, New York
         October 23, 2023

GUNNERCOOKE US LLP

_____
Max W. Gershweir, Esq.
Attorneys for Plaintiff
1 Rockefeller Plaza – 10th Floor
New York, New York 10020
646.440.8375